**Ronald BRADDOCK, Plaintiff-Appellant,**

**v.**

**STATE of Colorado, Alan Charnes, Director of the Department of Revenue, William A. Cassel, Director of Motor Vehicle Division, George Theobald, Director of Hearing Section, Defendants-Appellees.**

**No. 83CA0473.**

Colorado Court of Appeals,
Div. IV.

Feb. 23, 1984.

Jack Kintzele, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendants-appellees.

HODGES,* Justice.

Plaintiff, Ronald Braddock, appeals the district court's affirmance of an order of the Department of Revenue denying him a probationary driver's license after his license was suspended for an excess accumulation of points, including two alcohol-related offenses. We affirm.

At the Department of Revenue hearing, Braddock presented evidence that he drove a school bus for a church on a voluntary basis, and requested a probationary license for that purpose. The hearing officer denied the request, finding that the aggravating circumstances revealed by the record were such that Braddock was unsafe to drive for any purpose.

Braddock contends that the hearing officer did not make a specific finding of fact to support the holding that he was unsafe to drive for any purpose. *See* § 42–2–123(13), C.R.S. (1983 Cum.Supp.). We reject this contention. The hearing officer, before making this finding, stated that Braddock's driving record, including "two driving and drinking convictions" was the basis for the finding.

In addition, we note that § 42–2–123(13) provides for the issuance of a probationary license only for reasons of employment, education, health, or drug and alcohol

treatment. Braddock requested a license to continue in a voluntary, uncompensated position. Because the statute does not specifically define employment, it must be given its familiar and generally accepted meaning. *See R & F Enterprises, Inc. v. Board of County Commissioners*, 199 Colo. 137, 606 P.2d 64 (1980). *Webster's Third New International Dictionary* 743 defines employment as "work in which one's labor or services *are paid for* by an employer." (emphasis supplied) Since Braddock bases his application for a probationary license solely on his need to continue in an uncompensated position, he has failed to make the required showing that he has a statutorily recognized need for a probationary license. *See* Department of Revenue Regulation No. 2–123.11, 1 Code Colo.Reg. 204–8 (1977).

Judgment affirmed.

ENOCH, C.J., and SILVERSTEIN, J., concur.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).